■ In the Matter of the Claim of MORRIS STEIN, Respondent, v. 200 LAFAYETTE STREET CORPORATION et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. The board properly found, upon substantial evidence, that, in February, 1962 and until March 6, 1962, by reason of the frequent mechanical failures of the passenger elevator of which he was the regular operator, claimant had "to expend strenuous physical effort by shaking the elevator, slamming doors and jumping up and down to get the elevator started"; and that during this period, because this elevator had sometimes to be used in place of a broken-down freight elevator, claimant had to employ "extra physical exertion" in shifting piled mail sacks, weighing over 100 pounds each; that during this period claimant experienced chest pain and on March 6, 1962 "terrific chest pain" requiring his immediate hospitalization; and that the work effort, "with attendant pain and resultant myocardial infarction constitute[d] an accidental injury". In their application for board review, the employer and carrier specified two grounds for reversal, to which they are, of course, limited on this appeal (*Matter of Hedlund* v. *United Exposition Decorating Co.*, 15 A D 2d 973, mot. for lv. to app. den. 11 N Y 2d 646). The above-quoted findings, being based on substantial evidence, belie the first ground urged — that "claimant has failed to describe an occupational accident" — this, apparently, because his "activities were in no way different at that time as compared to his activities for the major part of his employment", but if this contention were factually correct it would not bar an award (*Matter of Schechter* v. *State Ins. Fund*, 6 N Y 2d 506, 510), or because the work incidents described were not shown to have occurred at the time of claimant's collapse, but a failure of proof in that respect would not negate causality (*Matter of Sheflick* v. *Lefrak*, 11 A D 2d 828). The second ground urged for reversal is stated by appellants to be the "[m]ore important" and that is the "question of causal relationship" and in support of this they cite the evidence elicited from their medical expert; but claimant's consultant cardiologist reported that claimant "incurred a severe myocardial infarction on March 6, while engaged with work of an unusually strenuous nature"; and the impartial specialist in cardiology designated by the board found causal relationship between the work activity and the myocardial infarction, which he also said was evident at the time of claimant's hospitalization on March 6, 1962. The board was, of course, entitled to determine the conflict in the medical proof as it did. Decision affirmed, with one bill of costs to respondents filing briefs. Herlihy, Reynolds, Taylor and Hamm, JJ., concur.